1  Frank Frisenda (SBN 85580)
     frankfrisenda@aol.com
2  11601 Wilshire Boulevard, Suite 500
   Los Angeles, California 90025
3  Telephone:   (702) 792-3910
   Facsimile:    (702) 436-4176
4  Attorney for Plaintiff/Counterclaim-Defendant
   SPECIAL HAPPY, LTD.
5
   Thomas L. Warden (Pro Hac Vice)
6    twarden@conleyrose.com
   600 Travis Street, Suite 7100
7  Houston, Texas 77002
   Telephone:   (713) 238-8000
8  Facsimile:    (713) 238-8008
   Attorney For Defendant/Counterclaim-Plaintiff
9  LINCOLN IMPORTS LTD., INC.

10

11             IN THE UNITED STATES DISTRICT COURT
       CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION
12

| | |
|---|---|
| SPECIAL HAPPY, LTD., | Case No. SACV09−00074 DOC (MLGx) |
| Plaintiff / Counterclaim-Defendant, | Assigned to: Judge David O. Carter |
| vs. | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| LINCOLN IMPORTS LTD., INC., | |
| Defendant / Counterclaim-Plaintiff. | |

19         Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, this

20  Protective Order is stipulated between Plaintiff/Counterclaim-Defendant

21

22                                     -1-

354173 v1/1607.01400

1  Special Happy, Ltd. ("Plaintiff") and Defendant/Counterclaim-Plaintiff
2  Lincoln Imports Ltd., Inc. ("Defendant").

3  **1.    <u>Confidential Information.</u>**

4  "Confidential Information" shall mean information, including a
5  formula, pattern, compilation, program, device, method, technique, or process,
6  that (1) derives independent economic value, actual or potential, from not
7  being generally known to the public or to other persons who can obtain
8  economic value from its disclosure or use; and (2) is the subject of efforts that
9  are reasonable under the circumstances to maintain its secrecy.  For example,
10 product blueprints and specifications, customer lists, sales data, and market
11 analyses may comprise Confidential Information.  Confidential Information
12 shall also include sensitive personal information, for example, account
13 numbers and social security numbers.  Confidential Information shall also
14 include all copies, excerpts, abstracts, analyses, summaries, descriptions, or
15 other forms of recorded information or data containing, reflecting, or
16 disclosing all or part of Confidential Information.

17 "Confidential Information" shall not include documents and information
18 that (1) are already known to the receiving party without obligations of
19 confidentiality at the time of disclosure; (2) are generally known to the public

20
21
22

354173 v1/1607.01400

1    at the time of disclosure; or (3) become generally known to the public after

2    disclosure through no fault of the receiving party.

3    **2.      Designation and Maintenance of Documents and Information.**

4         Confidential Information may be designated as such and made subject

5    to this Protective Order by the party disclosing such information, or by non-

6    parties who receive a subpoena in connection with this action.

7         Documents and tangible things must be designated as Confidential

8    Information at the time of disclosure by stamping or marking each page or

9    embodiment with a prominent legend stating "Confidential", "Attorney's Eyes

10   Only," or similar notice.

11        When stamping or marking documents and tangible things is not

12   possible, or for intangible things, such items must be designated as

13   Confidential Information at the time of disclosure by: (1) a written notice

14   identifying the information consisting of Confidential Information subject to

15   this Protective Order; or (2) in the case of information or testimony disclosed

16   during a deposition, by requesting designation on the transcript or in writing to

17   all parties within seven (7) calendar days after receipt of the transcript (until

18   such time, all such information shall be deemed Confidential Information).

19        It is the responsibility of counsel for each party to maintain Confidential

20   Information in a secure manner and appropriately identified so as to allow

21

22

354173 v1/1607.01400

1   access to such information only to such persons and under such terms as is

2   permitted under this Protective Order.

3   **3.    Inadvertent Failure to Designate.**

4   The inadvertent failure to designate documents or information as

5   Confidential Information will not be a waiver of a claim that the document or

6   information contains Confidential Information, and will not prevent the

7   producing party or non-party from designating such information as

8   Confidential Information at a later date in writing, so long as the designation is

9   done with particularity.

10   In the event that a document or information is later designated as

11   Confidential Information, the document or information must thereafter be

12   treated by the receiving party as Confidential Information from the time of

13   receipt of the notice.

14   The inadvertent production or other disclosure of any document,

15   including electronically stored information, which is subject to a claim that the

16   document should have been withheld from disclosure as privileged, work-

17   product, or similar protective doctrine shall not waive any privilege or other

18   applicable protective doctrine for that document, or for the subject matter of

19   the inadvertently disclosed documents or information, if the producing party,

20   upon becoming aware of the disclosure, promptly explains such claim and

21

22

-4-

1  requests return of the document.  Except in the event that the receiving party

2  disputes the claim, any document which the producing party deems to contain

3  such inadvertently disclosed information shall be, upon such written request,

4  promptly returned to the producing party or destroyed at the producing party's

5  option.   This includes all copies, electronic or otherwise, of any such

6  document.  In the event that the receiving party disputes the producing party's

7  claim as to the privileged nature of the inadvertently disclosed material, a

8  single copy of such material may be sequestered and retained under the control

9  of the requesting party for the sole purpose of seeking court determination on

10  the issue.  Nothing in this Protective Order shall alter the burdens of proof in

11  any dispute over any claim of privilege.

12  **4.     Challenges to Designations.**

13       A receiving party may challenge a producing party's designation at any

14  time, or request in writing that the producing party change the designation.

15  The producing party must advise the receiving party whether or not it will

16  change the designation within seven (7) calendar days thereafter.

17       If the parties are unable to reach agreement after the expiration of this

18  seven (7) day period, they shall meet and confer in accordance with the Local

19  Rules regarding discovery disputes.   If they cannot resolve the issue, the

20  receiving party may seek an order in accordance with Local Rule 37 to alter

21

22

-5-

354173 v1/1607.01400

the confidential status of the designated information, whereupon the disclosing party shall bear the burden of establishing the confidentiality.

Until the Court has ruled on a dispute under this Section 4, the disclosing party's designation of Confidential Information will remain in full force and effect.

**5.   <u>Disclosure and Use of Confidential Information.</u>**

Confidential Information may only be used for the purposes of preparation, trial, and appeal of this action.  Confidential Information may not be used under any circumstances in the business of the receiving party, for prosecuting any patent application, or for any other purpose.

Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) counsel of record and the employees of their respective firms who are required in good faith to provide assistance in the conduct of this litigation; (b) experts or consultants qualified under this Section 5; and (c) third party vendors who are regularly engaged in providing litigation support services (such as document coding, image scanning, mock trial, jury profiling, mediation, translation services, court reporting services, demonstrative exhibit preparation, or the creation or hosting of any related

354173 v1/1607.01400

1 computer database) and who are engaged by counsel of record for the
2 receiving party to provide such services.

3  Prior to disclosing Confidential Information to a receiving party's
4 proposed expert or consultant, the receiving party must provide to the
5 producing party a signed acknowledgement that such person agrees to be
6 bound by this Protective Order, and the resume or curriculum vitae of the
7 proposed expert or consultant. The resume or curriculum vitae must identify
8 all business and consulting affiliations within the past ten (10) years, and all
9 business and consulting relationships or affiliations in the relevant industry at
10 any time. The producing party will thereafter have seven (7) calendar days to
11 object to any such proposed expert or consultant. The objection must be made
12 for good cause and in writing, stating with particularity the reasons for the
13 objection. Failure to so object constitutes approval.

14  Counsel is responsible for the adherence by third-party vendors to the
15 terms and conditions of this Protective Order.

16 **6.**   **Filing Documents With the Court.**

17  Confidential Information may be included in any motion, pleading, or
18 other filing only as a sealed filing in accordance with the Local Rules.

19

20

21

22 354173 v1/1607.01400

**7.     No Prejudice.**

This Protective Order and the terms hereof are not an admission and shall have no evidentiary effect regarding the trade secret status of any particular Confidential Information.

**8.     Conclusion of Litigation.**

Within sixty (60) calendar days after final judgment or other termination of in this action, including the exhaustion of all appeals, each party shall destroy or return all Confidential Information.  Notwithstanding the foregoing, outside counsel of record for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work-product, subject to continuing obligations hereunder.

**9.     Other Proceedings.**

Any person or party subject to this Protective Order who receives a discovery request, subpoena, or motion seeking disclosure of another party's Confidential Information must promptly notify the disclosing party, and provide such disclosing party the opportunity to appear and be heard on whether that information should be disclosed.

**10.    Remedies.**

This Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and any other sanctions as may

-8-

1   be available to the Court, including contempt.   All other remedies are fully

2   reserved.

3   **11.      Relief from Protective Order.**

4           Any party may petition the Court for good cause shown if the party

5   desires relief from a term or condition of this Protective Order.

6           So ORDERED and SIGNED this 28th day of June, 2010.

7

8   _____

9           MARC L. GOLDMAN
        UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

354173 v1/1607.01400